UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PSP FRANCHISING, et al.,

    Plaintiffs,

Case No. 12-cv-11693

v.

HONORABLE STEPHEN J. MURPHY, III

ELMER WAYNE DUBOIS, et al.,

    Defendants.

                                     /

**ORDER ADOPTING IN PART REPORT &
RECOMMENDATION** (docket no. 20) **AND GRANTING
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** (docket no. 15)

This is a trademark infringement and breach of contract action filed by PSP Franchising, LLC and PSP Distribution, LLC ("together, "PSP") against Elmer Wayne Dubois, Monte D. Dubois, Mark Dubois, and Pets of Wellington, Inc. (collectively "Defendants"). Defendants received service of the summons and complaint on April 26, 2012, but they never made appearances in the case. *See* Certificates of Service, ECF Nos. 8, 9, 10, & 11. The clerk of court entered default as to all four defendants on September 27, 2012. Clerk's Entry of Default, ECF No. 14. On October 5, 2012, PSP filed a motion for default judgment, seeking a permanent injunction, damages, and attorney fees. Mot. for Default J., ECF No. 15. The Court referred the motion to the magistrate judge for a recommended disposition. *See* Order Referring Mot., ECF No. 16. On February 4, 2013, the magistrate judge issued a Report and Recommendation ("Report") recommending that the Court grant PSP's motion for default judgment to the extent that it seeks a permanent

injunction and then refer the matter back to the magistrate judge to conduct an evidentiary hearing regarding the amount of damages and attorney fees.[1]

Civil Rule 72 provides that a party's specific written objections to a magistrate judge's Report, filed within fourteen days of service, are entitled to de novo review. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The matter is before the Court for review of PSP's timely objection. *See* Objection, ECF No. 21. PSP does not object to the Report's recommendation regarding an immediate grant of permanent injunction against Defendants, but PSP objects that an evidentiary hearing is unnecessary to determine the proper amount of damages, and that, therefore, the Court need not refer the matter back to the magistrate judge. Specifically, PSP asks the Court to (1) enter the permanent injunction against all Defendants, as recommended by the magistrate judge; (2) enter Judgment in the sum of $93,022 against Elmer Wayne Dubois, and Wellington Pets, Inc. ("WPI"), representing PSP's damages for breaches of the Franchise Agreement; and (3) enter an order directing PSP to submit documentation of its attorney fees and costs for entry of a post-judgment award of attorney fees.

The Court has reviewed the magistrate judge's Report, PSP's objections, and the record. The Court will adopt the Report to the extent that it recommends the Court enter the requested permanent injunction. But, for the reasons set forth below, the Court finds

---

[1] The Court notes that the magistrate judge implicitly found that PSP is entitled to attorney fees. PSP does not object to this finding, and the Court agrees that the Franchise Agreement requires payment of PSP's attorney fees in the event PSP initiates an action to enforce the agreement. *See* Franchise Agreement § 17.3, ECF No. 7-2; *see also, e.g.*, *Dunkin' Donuts Franchised Restaurants LLC v. Mr. Omar, Inc.*, 2008 WL 2095352 (E.D. Mich. May 16, 2008) (awarding attorney fees "based on the relevant provisions of the Franchise and Lease Agreements").

that an evidentiary hearing is not necessary to determine the proper amount of damages. Accordingly, the Court will grant PSP the remainder of its requested relief.

## DISCUSSION

A court considering a motion for default judgment takes as true the well-pleaded allegations in the complaint, except those pertaining the amount of damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages") (citation omitted). Under Civil Rule 55, the Court "may" conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). But a hearing is unnecessary if the evidence submitted is sufficient to support the damages request, or if the amount claimed may be discerned from definite figures in the documentary evidence or affidavits. *McIntosh v. Check Resolution Serv., Inc.*, No. 10-14895, 2011 WL 1595150, at *4 (E.D. Mich. April 27, 2011) (citations omitted); *see also Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009).

Here, PSP requests that the Court enter judgment in the sum of $93,022 in favor of PSP and against Elmer Wayne Dubois, and WPI ("the franchisees"). The sum represents $42,413 in unpaid, past-due royalties owed under the Franchise Agreement between PSP and Defendants; $34,000 in future royalties due under the contract; and $16,609 for merchandise delivered by PSP to the franchisees.

The Court will enter judgment in PSP's favor for the amount requested. An evidentiary hearing is unnecessary because, as discussed below, the basis for the amount claimed is discernible from the record evidence. The Court will first address the claimed royalties, and then the merchandise costs.

1. Royalties

The formula to determine royalties owed under the Franchise Agreement is set forth in § 4.2 of that agreement. *See* Franchise Agreement, ECF No. 7-2; Am. Compl. ¶ 16, ECF No. 7. It provides that the franchisees will pay PSP a royalty of $2000 per month, plus 2% of the gross sales of the franchised business, in excess of $1,000,000 per year. Franchise Agreement § 4.2*; Compl. ¶ 16. It further provides that the franchisees will pay a late charge if the royalties are not paid when due. Franchise Agreement § 4.5; Am. Compl. ¶ 17.

As provided in the complaint, and thereby admitted when Defendants' defaulted, Defendants did not pay royalties owed from May 2010 through January 26, 2012, a period of 21 months. Am. Compl. ¶ 33. For these past due royalties, PSP seeks $42,000 ($2000 for each unpaid month), plus $413 in additional unpaid royalties. The basis of the $42,000 sum is plainly discernible from the Franchise Agreement. It is simply a matter of multiplying the minimum monthly royalties provided for under the agreement, by the number of months Defendants failed to pay. The additional $413 is also supported in the record. Specifically, in the Notice of Termination letter send by PSP to Elmer Wayne Dubois on January 26, 2012, PSP states that at that time, $42,413 in royalties was due. *See* Not. of Termination, ECF No. 7-7. This evidence is sufficient to support "with reasonable certainty" the damages claimed. *See Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir.1999)*).*

PSP also seeks payment of future royalties lost due to Defendants' breach. Specifically, the Franchise Agreement covered a term of five years, and was scheduled to expire on June 19, 2013. *See* Franchise Agreement § 2.1. PSP terminated the agreement due to Defendants' material breaches on January 26, 2012. *See* Not. of Termination. Accordingly, PSP seeks future royalties in the sum of $34,000, representing $2000 for each

of the 17 months remaining in the Franchise Agreement at the time of the breach. As with the $42,000 royalty claim, the basis of the sum is plainly discernible from the Franchise Agreement. *See* Franchise Agreement § 4.2. Moreover, PSP is entitled to collect future royalties owed under the Franchise Agreement, where there is no reason to suspect the agreement would not have been performed, if the Defendants had not breached. *See Am. Speedy Printing Centers, Inc. v. AM Mktg.*, Inc., 69 F. App'x 692, 699 (6th Cir. 2003) ("Because the franchise contract does not provide for the termination of the contract by defendants in the absence of a material breach by the franchisor, any unilateral decision by AM Marketing to end the franchise relationship would constitute a breach of the agreement, entitling Allegra to the same future profits at issue in this case.").

2. <u>The value of the merchandise</u>

PSP also seeks the sum of $16,209, representing the value of merchandise delivered to the franchisees, but not paid for. Support for this claimed sum is also found in the January 26, 2012 Notice of Termination letter. *See* Not. of Termination. Specifically, in the letter, PSP states that at the time of termination, $16,609 was due to PSP Distribution, LLC for merchandise delivered to the store. *See id.*

## CONCLUSION

For the foregoing reasons, the Court finds that an evidentiary hearing is unnecessary to grant PSP's requested damages. The Court will grant PSP the relief requested in its motion for default judgment. Except to the extent that the Court granted PSP's objections, the magistrate judge's Report is otherwise adopted in full.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the Report & Recommendation (docket no. 20) is **ADOPTED** in part, as set forth above.

5

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default judgment (docket no, 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will enter **JUDGMENT** against Elmer Wayne Dubois and Pets of Wellington, Inc., jointly and severally, in the sum of $93,022;

**IT IS FURTHER ORDERED** that Defendants are permanently **ENJOINED** and **RESTRAINED**, jointly and severally, directly or indirectly from:

(1) using PSP's trademarks in any manner, or otherwise using service marks, trademarks, trade names or trade dress in connection with the advertisement, promotion, offering or rendering of services that imitate or simulate PSP's service marks, trademarks, trade name or trade dress, including in connection with the operation of any other business offering for sale pet supplies and related services and products;

(2) performing any actions or using any service marks, trademarks, trade names, trade dress, words, names, styles, titles, designs or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that Defendants are authorized by PSP, or in some manner affiliated with or associated with, or under the supervision or control of PSP, or that the goods/services originate with PSP; or are likely in any way to lead the trade or the public to associate the Defendants with PSP;

(3) using any service marks, trademarks, trade names or trade dress or engaging in any other conduct that creates a likelihood of injury to the business reputation of PSP or a likelihood of misappropriation and dilution of PSP's distinctive service mark, trademarks, trade name or trade dress and the goodwill

associated therewith; and

(4) using the telephone number of Defendants' former franchised business or any of PSP's confidential information in any manner.

**IT IS FURTHER ORDERED** that Defendants and their respective officers, directors, and shareholders are **ENJOINED** and **RESTRAINED** for a period of 2 years following the date of this Court's Order, from engaging in as an owner, shareholder, partner, director, officer, employee, consultant, salesperson, representative, or agent or in any other capacity in any other business offering for sale pets supplies or other related services or products within: (1) at 13889 Wellington Trace, Wellington, Florida, 33414; (2) within a five mile

radius of 13889 Wellington Trace, Wellington, Florida, 33414; and (3) within a five mile radius of the location of any other Pet Supplies Plus Store that existed or was operating under the PSP system at the date the Defendants' Franchise Agreement was terminated;

**IT IS FURTHER ORDERED** that Defendants shall comply with the post-termination obligations under the Franchise Agreement, including the return of the confidential operating manual and all other manuals developed and approved by PSP for use in connection with the operation of Pet Supplies Plus Stores and assignment to PSP of the Defendants' telephone number (561) 333-8669 and listings associated with the Defendants' former PSP franchise.

**IT IS FURTHER ORDERED** Defendants will reimburse PSP for the reasonable attorneys' fees and costs they incurred in connection with the preparation and prosecution of this matter. PSP shall submit to the Court and serve on the Defendants an itemization of all attorneys' fees and costs incurred in connection with this proceeding within five days of the date of this Order, and Defendants shall file any objections to the itemization of attorney's fees within five days of PSP's submission. The Court shall then resolve any dispute regarding PSP's attorney's fees and costs and enter an appropriate Judgment Order for PSP's reasonable attorneys' fees and costs.

**SO ORDERED**.

                                            s/Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: February 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2013, by electronic and/or ordinary mail.

                                      Carol Cohron
                                      Case Manager